**United States Bankruptcy Court**
**District of Massachusetts, Boston Division**

# CHAPTER 13 PLAN

| | |
|---|---|
| Filing Date: **July 30, 2017** | Docket #: **1:17-bk-12350** |
| Debtor: **McClain, Neil** | Co-Debtor: **McClain, Kristin** |
| SS#: **2762** | SS#: **1298** |
| Address: **36 Charlotte Dr** | Address: **36 Charlotte Dr** |
| **Plymouth, MA  02360-4970** | **Plymouth, MA  02360-4970** |

Debtor's Counsel:

**Ronald J. Weiss Esq. LLC**
**103 Court St Ste B**
**Plymouth, MA  02360-8713**

**(508) 747-8989**

**(508) 747-2476**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**

**District of Massachusetts, Boston Division**

# CHAPTER 13 PLAN

Docket No.: **1:17-bk-12350**

DEBTOR(S):  (H) **McClain, Neil**                              SS# **2762**
                       (W) **McClain, Kristin**                        SS# **1298**

**I. PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the Trustee the sum of $ **900.00** for the term of:

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[ ] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

[X]  **4** Months. The Debtor states as reasons therefore:

**II. SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of secured claims to be paid through the Plan: $ | **0.00** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Steele hill** | **Steele Hill Vacation Club516 Steele Hill RoadSanbornton, NH 03269** |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :

**Hyundi**

**Ford Motor Credit**

iii. The arrears under the lease to be paid under the Plan are _____ .

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims to Be Paid Through the Plan: $ **0.00**

### IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

### V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **1.37**% of their claims.

A. General unsecured claims:                                                                 $ **235,643.46**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | Total of A + B + C unsecured claims: $ | **235,643.46** |

D. Multiply total by percentage**:** $ **3,240.00**.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total amount of separately classified claims payable at **100**%: $ | **0.00** |

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| A. Secured claims (Section I-A Total): | $ | **0.00** |
| B. Priority claims (Section II-A & B Total): | $ | **0.00** |
| C. Administrative claims (Section III-A & B Total): | $ | **0.00** |
| D. Regular unsecured claims (Section IV-D Total): + | $ | **3,240.00** |
| E. Separately classified unsecured claims: | $ | **0.00** |
| F. Total of a + b + c + d + e above: | $ | **3,240.00** |
| G. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ | **3,600.00** |

(This represents the total amount to be paid into the Chapter 13 Plan)

H. Divide (G), Cost of Plan by, Term of Plan, **4** months

I. Round up to nearest dollar: Monthly Plan Payment: $ **900.00**

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|

36 Charlotte Dr, Plymouth, MA 02360-4970                                                                       333,000.00                          312,187.20

Total Net Equity for Real Property:        $ **20,812.80**

Less Total Exemptions (Schedule C):        $ **20,812.80**

Available Chapter 7:                       $ **0.00**

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **2013 Jeep Wrangler** | **13,594.00** | **9,957.00** | **3,637.00** |
| **2017 Ford Explorer** | **35,147.00** | **0.00** | **0.00** |

Total Net Equity:                          $ **38,784.00**

Less Total Exemptions (Schedule C):        $ **3,637.00**

Available Chapter 7:                       $ **35,147.00**

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                           $ **626,075.71**

Less Exemptions (Schedule C):              $ **612,815.20**

Available Chapter 7:                       $ **13,260.51**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **48,407.51**.

E. Additional Comments regarding Liquidation Analysis:

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Ronald Weiss                                                  **August 15, 2017**
Debtor's Attorney                                                 Date

Attorney's Address:
**Ronald J. Weiss Esq. LLC**
**103 Court St Ste B**
**Plymouth, MA  02360-8713**

Tel. # **(508) 747-8989**                            Email Address: **info@ronaldjweiss.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

| | |
|---|---|
| */s/ Neil McClain* | **August 15, 2017** |
| Debtor | Date |
| */s/ Kristin McClain* | **August 15, 2017** |
| Debtor | Date |